UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-03665-MWF-JC                                   Date:  July 29, 2016
Title:    Maurice Sweiss -v- T.C. Investments, II, LLC, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS

Two motions are before the Court.  The first motion is Plaintiff Maurice Sweiss's Motion to Remand, filed on June 22, 2016.  (Docket No. 9).  Defendants submitted an Opposition to the Motion to Remand on July 5, 2016, and Mr. Sweiss's Reply followed on July 20, 2016.  (Docket Nos. 15, 20).  The second motion is Defendants' Motion to Dismiss, filed on June 15, 2016.  (Docket No. 6).  Mr. Sweiss filed an Opposition to the Motion to Dismiss on July 20, 2016, and Defendants did not submit a Reply.  The Court reviewed and considered the papers on the Motions, and now rules as follows:

The Motion to Remand is **DENIED**.  The Court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000 and all non-nominal parties are completely diverse.  Although both Mr. Sweiss and Defendant Robert E. Weiss, Inc. ("REW") are domiciled in California, Defendant REW's citizenship may be disregarded because it was a nominal party at the time the action was removed to this Court.

The Motion to Dismiss is **DENIED** *as moot* in light of Mr. Sweiss's apparent intent to amend the Complaint.  Although Mr. Sweiss asserts that he has already filed a First Amended Complaint ("FAC"), the FAC does not appear on the Court's docket.  Accordingly, Mr. Sweiss shall file the FAC on or before **August 8, 2016.**

---

**CIVIL MINUTES—GENERAL**                                                                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-03665-MWF-JC                           Date:  July 29, 2016
Title:    Maurice Sweiss -v- T.C. Investments, II, LLC, et al.

**Motion to Remand**

On April 6, 2016, Mr. Sweiss, appearing pro se, initiated this action against Defendants T.C. Investments, Valstone Asset Management, and REW in the Ventura Superior Court.  (*See* Notice of Removal, Ex. 1 ("Complaint") (Docket No. 1)).  Mr. Sweiss alleges, among other things, that Defendants improperly initiated foreclosure proceedings against his residence.  (*Id.* ¶¶ 10-11). Mr. Sweiss asserts a total of nine claims for relief under California law.  (*Id.* ¶¶ 12-49).

On May 25, 2016, Defendants removed the action to this Court.  According to Defendants, this Court has diversity jurisdiction over this action despite the fact that both Mr. Sweiss and Defendant REW are domiciled in California.  (Notice of Removal at 2).  Defendants urge the Court to disregard the citizenship of Defendant REW because it is a foreclosure trustee and thus a nominal party.  (*Id.*). Mr. Sweiss now seeks to remand the action back to state court for lack of complete diversity.  (Motion to Remand at 4-5).

California Civil Code section 2924*l* governs the litigation status of foreclosure trustees named as defendants in foreclosure actions.  Under section 2924*l*, a trustee that "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee . . . then, at any time, the trustee may file a declaration of nonmonetary status."  Cal. Civ. Code § 2924*l*(a). If no parties object to the declaration of nonmonetary status within fifteen days, the trustee:

> [S]hall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.

*Id.* § 2924*l*(d).

---

**CIVIL MINUTES—GENERAL**                                                         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-03665-MWF-JC                                  Date:  July 29, 2016
Title:      Maurice Sweiss -v- T.C. Investments, II, LLC, et al.

On May 5, 2016, Defendant REW filed a declaration of nonmonetary status in the Superior Court. (Notice of Removal, Ex. 2). The principal of Defendant REW declared under a penalty of perjury that Defendant REW "maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as a foreclosure trustee under said Deeds of Trust and that Plaintiff does not assert any valid claims for monetary relief against Defendant [REW]." (*Id.*, Ex. ¶ 5). Mr. Sweiss never objected to the declaration. (*Id.* ¶ 7).

California district courts uniformly recognize that a foreclosure trustee's citizenship must be disregarded when the plaintiff does not object to the declaration of nonmonetary status. *See, e.g., Silva v. Wells Fargo Bank NA,* No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011) ("[D]efendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes."); *Rivera v. Aurora Loan Services LLC*, No. 09-CV-2686-BTM-RBB, 2010 WL 1709376, at *2 (S.D. Cal., Apr. 26, 2010) ("The Court notes at the outset that it has jurisdiction under 28 U.S.C. § 1441(b) to hear this matter. Although Defendant Cal- Western Reconveyance Corporation is, like Plaintiffs, a California citizen, it has non-monetary status and its citizenship is therefore disregarded for purposes of diversity jurisdiction."); *Figueiredo v. Aurora Loan*, No. C 09-4784 PJH, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) ("However, the filing of Cal–Western's declaration of non-monetary status in state court on October 6 transformed Cal–Western into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction."). As a result, Defendant REW was a nominal party at the time of removal, and its citizenship must be therefore disregarded.

Mr. Sweiss claims that he did not intend to sue Defendant REW solely in its role as the foreclosure trustee. (Motion to Remand at 3). Rather, according to Mr. Sweiss, Defendant REW is liable for misconduct independent of the actions it took as trustee. (*Id.*). Mr. Sweiss seeks to amend the Complaint to make these allegations clearer. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-03665-MWF-JC                              Date:  July 29, 2016
Title:      Maurice Sweiss -v- T.C. Investments, II, LLC, et al.

     Accepting Mr. Sweiss's arguments as true, the fact remains that California law confers a nominal status on any foreclosure trustee, which Defendant REW undoubtedly is, that files an unchallenged declaration of nonmonetary status under section 2924*l*. If Mr. Sweiss truly believed that actionable claims could be asserted against Defendant REW, he should have objected to Defendant REW's declaration.  But Mr. Sweiss did not object, and Defendant REW became a nominal party fifteen days after the filing of the declaration.  Because Defendant REW remains a nominal party to this day, its citizenship may be disregarded for jurisdictional purposes.  *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (stating that diversity jurisdiction is determined at the time of removal).

     Mr. Sweiss should understand that Defendant REW's current status as a nominal party under California law does not mean that it will remain a nominal party for the entire duration of this action. If Mr. Sweiss continues to believe that he has valid claims against Defendant REW, he must file and serve a motion "that specifies the factual basis for the demand [to declare the trustee to be a regular defendant]."  Cal. Civ. Code § 2924*l*(e).  Once that motion is fully briefed, the Court can determine whether Defendant REW should remain a nominal party.

     The Court does not opine on whether it would continue to exercise diversity jurisdiction if Defendant REW's nominal status is revoked under section 2924*l*(e). Although Defendants argue that jurisdiction would still be proper, they cite authority only for the proposition that a post-removal change of citizenship does not divest the Court of its jurisdiction.  (Opposition to Motion to Remand at 8 (citing cases)).  But none of the presented cases concerns a change in the status of a nominal party, as opposed to a party's citizenship.  Because that issue has not been briefed, and is not even relevant at this juncture, the Court declines to adjudicate it.

     Accordingly, the Motion to Remand is **DENIED**.  Mr. Sweiss may file a Motion to Declare Defendant REW a Non-Nominal Party under Section 2924*l*(e). In accordance with section 2924*l*(e), Mr. Sweiss must set forth specific factual basis for his demand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-03665-MWF-JC                                   Date:  July 29, 2016
Title:        Maurice Sweiss -v- T.C. Investments, II, LLC, et al.

**Motion to Dismiss**

Defendants seek to dismiss Mr. Sweiss's Complaint in its entirety.  (*See generally* Motion to Dismiss).  Mr. Sweiss does not oppose the Motion to Dismiss, arguing only that it is moot because he "filed an amended complaint as of right." (Opposition to Motion to Dismiss at 2).  The First Amended Complaint, however, does not appear on the Court's docket.  Mr. Sweiss must actually file the First Amended Complaint in order to provide Defendants as well as the Court notice of what changes have been made to the allegations.  The Court will provide Mr. Sweiss an opportunity to do so.

Accordingly, the Motion to Dismiss is **DENIED** *as moot*.  Mr. Sweiss shall file the First Amended Complaint on or before **August 8, 2016**.

IT IS SO ORDERED.